IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CUBA EUGENE HOPSON,        )
           )
    Petitioner,        )
           )
    v.        )      Case No.: 3:06-cv-212-JPG
           )
LARRY SPENCER,        )
           )
    Respondent.        )

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus, filed by the Cuba Eugene Hopson ("Petitioner") on March 16, 2006 (Doc. 1), and the Motion for Summary Judgment, filed by Petitioner on August 31, 2006 (Doc. 14).  For the reasons set forth below, it is **RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**, that Petitioner's Motion for Summary Judgment (Doc. 14) be **DENIED AS MOOT**, that this case be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Petitioner filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus, which was signed under penalty of perjury and supported with a memorandum of law (Doc. 1).  Respondent Larry Spender[1] ("Respondent") timely filed a response brief to which Petitioner replied (Doc. 6, 7).

---

[1] Due to Petitioner's transfer from FPC-Marioin in the Southern District of Illinois to Bannum Place of Tupelo, Mississippi, Petitioner's new custodian Larry Spencer was substituted

Thereafter, Petitioner filed a Motion for Summary Judgment (Doc. 14), to which Respondent filed a response (Doc. 16).  The Court will first address the Petition itself, rendering the Motion for Summary Judgment moot.

Petitioner states in his petition that the "facts are akin and laid out on Case No. 04-cv-604-JPG, filed on August 27, 2004." (Doc 1-2 at 3).  The facts as determined by the Court in that case reproduced below:

> Hopson is in federal custody on a 1988 conviction imposed by District Court of the Northern District of Illinois on charges relating to interstate transportation of stolen motor vehicles.[2] The respondent maintains that Hopson is properly confined pursuant to the Parole Commission's order revoking Hopson's parole. Hopson maintains that the Parole Commission should have terminated his parole and that the decision to revoke his parole violates due process. He seeks an evidentiary hearing to resolve factual disputes. Because the Court finds no dispute in the material facts, an evidentiary hearing was not held.
>
> In 1988, Hopson was sentenced by the U.S. District Court for the Northern District of Illinois in Case No. 88-CR-400. He was ordered to serve a term of imprisonment on Count I and was further ordered to serve consecutive terms of probation on Counts II and III. Hopson started serving his prison sentence in March, 1989, and was later released to serve his probation. In September, 1993, after numerous stolen vehicles were found in Hopson's garage, the government sought a rule to show cause why Hopson's probation should not be revoked. Following a hearing, the District Court found that Hopson had violated the terms of his probation. Hopson's probation on Counts II and III was revoked and he was ordered to serve ten years in prison on Count III and a consecutive term of five years of probation on Count II. On appeal, the revocation of probation was affirmed and the case was remanded for clarification regarding the ten-year prison sentence. The District Court clarified the sentence, which was affirmed on appeal. *United States v. Hopson*, No. 95-2010 (7th Cir. June 19, 1996).

---

as Respondent for Warden B.A. Bledsoe by order of this Court on June 13, 2006 (Doc. 12).

[2] Although Petitioner was released from detention on September 20, 2006, and began a period of parole supervision, the issue of street time forfeiture is not moot because release is conditional, and he is still subject to parole supervision until October 8, 2008.

Hopson was released on parole on January 20, 1997. At that time, he had a total of 2,433days remaining to be served on the ten-year prison sentence imposed on Count III. Hopson signed a certificate of parole listing the usual conditions of release, along with a requirement that he remain within the limits of the Northern District of Illinois until September 19, 2003 (Doc. No. 15, Ex. B).

In 2000, Hopson filed a motion to modify the terms of his probation. The government's response led Hopson to believe that he had served his ten-year term of imprisonment and was then serving his term of probation.  In November, 2001, Hopson reviewed his records with his parole officer, who could not locate Hopson's certificate of parole. Hopson signed another parole certificate at the parole officer's request.

In March, 2002, a parole violator's report was submitted to the U.S. Parole Commission.  In July, 2002, the Commission issued a parole violator's warrant, accusing Hopson of violating the conditions of his release by failing to report in March, 2002, and by failing to report his change of  residence in May, 2002. When Hopson learned that the warrant had been issued, he surrendered to the U.S. Marshal on August 9, 2002.  The parole violator's warrant was supplemented on September 5, 2005. The additional charges alleged that Hopson left the Northern District of Illinois without permission, acted as an informant for a law enforcement agency, falsified monthly supervision reports, possessed (with intent to distribute) marijuana, failed to report an arrest, failed to report a change in employment, possessed (with intent to distribute) cocaine, associated with a person having a criminal record, and drove under the influence of alcohol.

A preliminary hearing was conducted in stages on September 11 and 12, 2002. Hopson admitted some of the charged violations and contested other charged violations. Although Hopson requested a local revocation hearing, he was transported to FCI-Memphis on October 9, 2002. Meanwhile, Hopson challenged the Parole Commission's decision to issue a violator's warrant under the Administrative Procedure Act in U.S. District Court for the Northern District of Illinois. On October 23, 2002, the District Court granted relief in part, finding that the Parole Commission failed to conduct a timely review hearing and that Hopson's probation expired by its own terms on January 20, 2002. The order directed that Hopson be immediately released from custody. Hopson was not released. On November 18, 2002, the District Court reconsidered the October 23, 2002, order. The Court found that the Parole Commission had jurisdiction over Hopson when the warrant was issued and that the Commission was entitled to proceed with a revocation hearing. The Court vacated the order directing Hopson's immediate release. Hopson appealed that decision. A combined 5-year termination/revocation hearing was scheduled for December 4, 2002.  That hearing was continued at Hopson's request.  The combined 5-year termination/revocation hearing was conducted on March 7, 2003. On March 20,

3

2003, the Commission ordered that Hopson would continue under supervision, based on a finding that serious violations of his conditions of release reflected a likelihood that he would engage in new criminal conduct. The Commission proceeded to revoke Hopson's parole, finding that he violated the terms of his release on nine (of ten) charges. The findings were based on Hopson's admissions, information provided by Hopson's parole officer, information developed during a Drug Enforcement Agency investigation, arrest records, and court records showing that Hopson was convicted of driving under the influence in 1998. Hopson was ordered to continue serving his sentence of imprisonment to expiration.

On May 3, 2003, the Court of Appeals dismissed Hopson's appeal from the order denying relief under the Administrative Procedure Act for lack of prosecution. On July 15, 2003, Hopson appealed the Parole Commission's decision, asserting due process violations. He challenged his transfer to FCI-Memphis; the timing and adequacy of parole hearings, supervision, and instruction; and argued that the Commission lost its jurisdiction. On September 10, 2003, the National Appeals Board affirmed the Parole Commission's decision. The Board determined that the Commission retained jurisdiction to conduct termination and revocation proceedings, that Hopson had no due process right to a review of his parole status, and that the delay in conducting a 5-year termination hearing was not prejudicial.

(Doc. 39 in case 04-cv-604-JPG)

Petitioner now argues it is now permissible for him to raise his argument that the Parole Commission was without jurisdiction to forfeit his "street time" because, although the district court previously held that he had waived this argument due to his failure to exhaust his administrative remedies, this was not a "final judgment" that precludes the issue from now being raised in this current § 2241 petition.

CONCLUSIONS OF LAW

**Successive Petitions Under 28 U.S. C. § 2241 and Abuse of the Writ**

The first issue before the Court is whether Petitioner's petition is procedurally barred as a successive petition.  In the previous habeas proceeding, the district court noted in its order adopting the Magistrate Judge's Report and Recommendation (Doc. 18 in 04-cv-434-JPG) that

Petitioner failed to raise two of his arguments in his Petition, raising them for the first time in the objection to the Report and Recommendation.  These arguments were (1) that Petitioner should be credited with "street time"for the time he spent on parole before revocation, and (2) that the United States Parole Commission lacked jurisdiction to revoke his parole because its warrant was issued after completion of a one year supervision term imposed for a state DUI conviction (Doc. 18, 04-cv-604-JPG).  Because Petitioner raised these issues for the first time on appeal of the Magistrate Judge's Report and Recommendation, the district court held that Petitioner's failure to raise these arguments in his original petition acted as a waiver (Doc. 18, 04-cv-604-JPG).  Petitioner now seeks to address his "illegal detention."  (Doc. 1 at 8).

Petitioner's current petition is nothing more than an attempt to challenge his confinement under 28 U.S.C. § 2241 a second time.  He now asserts that the parole commission did not have authority to forfeit his "street time" that he previously spent on parole before his revocation.  This the same issue he previously raised in his objections to the report and recommendation in his previous case, 04-cv-604 JPG.  Not only did the district court in that case determine that these arguments were waived, but the court also refused to consider those objections to be a amendment of the initial petition See id.  This Court sees no reason to disturb the Court's previous determination.

It is well settled that issues previously raised in a habeas petition and finally adjudicated on the merits cannot be raised in a subsequent petition. 28 U.S.C. §2244(a).  Here, Petitioner does not address the issue of successive petitions.  He merely states that because the court in the first case did not enter a final judgment he is now entitled to raise these claims.  The Court is not persuaded by this argument.

A federal court need not entertain a second or subsequent petition for habeas corpus unless the petitioner satisfies two conditions.  First, the subsequent petition must allege a new ground, factual or otherwise.  Second, the applicant must convince the court that he did not deliberately withhold the ground earlier or "otherwise abuse the writ." 28 U.S.C. § 2244(b). Rule 9(b) of the Rules Governing Habeas Corpus Proceedings provides:

> A second or subsequent petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

28 U.S.C. § 2254, Rule 9(b).

The Supreme Court discussed the standards that govern an 'abuse of the writ' determination in <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991). The Court held that  "[a]buse of the writ is not confined to instances of deliberate abandonment." <u>Id.</u> at 489. Further,  "[A] petitioner may abuse the writ by failing to raise a claim through inexcusable neglect." <u>Id</u>.  But "[t]o excuse his failure to raise the claim earlier, [the petitioner] must show cause for failure to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions." <u>Id</u>. at 494.  Finally, "[i]n procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." <u>Id</u>. at 493 (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).  This same standard applies to a petitioner's failure to raise a claim in a previous petition for a writ of habeas corpus. <u>Id</u>.

Moreover, the  government bears the initial burden of establishing an abuse of the writ: it must show, with clarity and particularity, petitioner's prior writ history, identify the claims that

appear for the first time, and allege that petitioner has abused the writ. Id. at 494. The burden to disprove abuse, by a showing of cause and prejudice, then becomes petitioner's. Id.

In this case Respondent has met his burden by clearly setting forth Petitioner's previous writ, identifying the claims appearing before the Court for the first time, and alleging that Petitioner has abused the writ. The burden, therefore, shifts to Petitioner to explain why this petition does not abuse the writ. He has failed to do so. Not only did petitioner fail to allege any new grounds, he did not attempt to even explain why he did not raise these issues in a timely manner in his previous petition before the court. Petitioner attempts to take a second bite of the proverbial apple without providing the Court with any reason to consider such piecemeal litigation. This Court therefore, **RECOMMENDS** that Petitioner's petition (Doc. 1) be **DENIED** as a successive petition that constitutes an abuse of the writ, and that Petitioner's Motion for Summary Judgment (Doc. 14) be **DENIED AS MOOT**.

**Exhaustion of Administrative Remedies**

Although the Court recommends dismissal of the Petition based on a finding that it is barred as a successive petition, the petition should also be denied because Petitioner failed to exhaust his administrative remedies. Petitioner argues that he should be excused from the requirement that he exhaust his administrative remedies. This issue was already decided by the district court in Petitioner's previous petition and this Court will not second guess such a determination.

CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus (Doc. 1) be **DENIED**, that Petitioner's Motion for Summary Judgment (Doc. 14)

7

be **DENIED**, that this case be **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 26, 2007**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

8