UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CUBA EUGENE HOPSON,

    Petitioner,

v.

UNITED STATES PAROLE COMMISSION,

    Respondent.

Case No. 06-cv-212-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 19) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny petitioner Cuba Eugene Hopson's ("Hopson") petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and motions for summary judgment (Doc. 14).[1]

**I.    Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    Report and Objection**

The Report recommends that the Court deny Hopson's petition for two reasons. First, the Report concludes that the petition is a successive petition that raises the same issues raised in an

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), the United States Parole Commission has been substituted as the respondent in this case.

earlier § 2241 petition and that constitutes an abuse of the writ. Alternatively, the Report recommends that the Court dismiss Hopson's current petition because he failed to exhaust his administrative remedies.

Hopson objects to the Report's conclusion regarding exhaustion of administrative remedies. He also raises arguments as to the merits of his petition.

## III. Analysis

### A. Successive Petition

As for the portion of the Report recommending dismissal as a successive petition that constitutes an abuse of the writ, the Court reviews the matter for clear error. The Court finds the Report to be clearly erroneous and will therefore reject this portion of the report.

In this case, Hopson argues that the United States Parole Commission improperly forfeited credit towards Hopson's sentence for his "street time," that is, the time he had spent out of prison on parole, when it revoked his parole. Hopson had raised this "street time" forfeiture argument in connection with an earlier § 2241 petition. In the earlier case, however, he did not raise the argument in his § 2241 petition but instead waited to raise the arguments until he objected to a report and recommendation recommending denial of the petition. The Court noted in the earlier case that Hopson had waived the "street time" forfeiture argument by omitting it from his petition and raising it for the first time in his objection to the report and recommendation. The Court further declined to allow him to amend his petition to add the "street time" forfeiture argument because amendment would be futile in light of his failure to exhaust his administrative remedies. Hopson then filed the present petition raising the "street time" forfeiture argument the Court refused to let him raise in his earlier case, posing the question of whether such a successive petition is permitted.

2

The restrictions on second or successive petitions enacted in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and codified at 28 U.S.C. § 2244(b) do not apply to petitions under 28 U.S.C. § 2241.[2] *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000). Successive § 2241 are, however, limited by § 2244(a), which states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Thus, § 2244(a) bars successive § 2241 petitions addressed to the same issue. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Hopson's current § 2241 petition is not barred by § 2244(a). First, neither this Court nor any other has determined the legality of the calculation of Hopson's sentence in light of his "street time" forfeiture argument. Hopson attempted to raise the legal issue belatedly in his original petition, but the Court refused to allow him to do so, finding that he had waived his opportunity to raise it *in that petition*. Thus, the legal issue presented in the current petition has not been determined in a prior application. Second, to the extent that the Court's prior ruling refusing to allow Hopson to amend his petition might be construed as having decided the issue on exhaustion grounds, such a ruling is not a decision on the merits to which § 2244(a) would apply. Thus, his current petition advancing his "street time" forfeiture argument is not barred by § 2244(a).

---

[2]In light of the restrictions on second or successive petitions contained in the AEDPA, "[t]he doctrine of abuse of the writ is defunct." *Burris v. Parke*, 95 F.3d 465, 469 (7th Cir. 1996).

3

For this reason, the Court will reject the portion of the Report finding that the current petition is a second or successive petition amounting to an abuse of the writ.

B.  Exhaustion of Remedies

The Court reviews the Report's failure to exhaust finding *de novo* and finds that the Report's conclusion is correct.

A petitioner like Hopson must exhaust his administrative remedies before he is eligible for habeas corpus relief. *United States v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir.1986); *see DelRaine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986). In this case, Hopson had an opportunity to advance his "street time" forfeiture argument administratively in his appeal to the National Appeals Board of the United States Parole Commission of the March 20, 2003, decision to revoke his parole. He failed to do so, and the time limits for administrative appeals has long since passed. As a consequence, Hopson has procedurally defaulted that legal issue and cannot advance it in the pending petition.

Hopson asks the Court to excuse his failure to exhaust. Because exhaustion of remedies is not a jurisdictional prerequisite, *Schiselman v. United States Parole Comm'n*, 858 F.2d 1232, 1234 n. 1 (7th Cir. 1988), the Court may excuse a petitioner's failure to exhaust if the petitioner can show cause and prejudice. *See Sanchez*, 792 F.2d at 699. Hopson baldly asserts that it would have been futile to make his "street time" forfeiture argument before the National Appeals Board, that the remedies available through administrative appeal were manifestly inadequate, and that there is a strong possibility that he will suffer irreparable injury if forced now to exhaust his administrative remedies. These vague assertions do not satisfy Hopson's burden to show cause and prejudice. Hopson could have raised his "street time" forfeiture argument to the National Appeals Board, and there is no evidence the board would not have fairly and

4

impartially considered the argument and, if it had merit, ordered appropriate relief.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS in part** and **REJECTS in part** the Report (Doc. 19), and **SUPPLEMENTS** the Report with this order.  The Report is **ADOPTED** to the extent it addresses the exhaustion issue and **REJECTS** the Report to the extent it addresses the successive petition issue.  The Court therefore **DISMISSES** Hopson's § 2241 petition without prejudice to raising the issue should he exhaust his administrative remedies and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  December 14, 2007**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**